UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| Plaintiff, | ) |
| v. | ) No. 11 C 2884 |
| | ) Judge George M. Marovich |
| LASALLE BANK N.A., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wells Fargo Bank, N.A. (as Trustee for the Certificate holders of Commercial Mortgage Pass-Through Certificates, Series 2006-MF2, and as Trustee for the Certificate holders of Commercial Mortgage Pass-Through Certificates, Series 2006-MF3, acting by and through Crown NorthCorp, Inc. as Special Servicer) ("Wells Fargo") filed a three-count complaint against LaSalle Bank, N.A. ("LaSalle").[1] Plaintiff claims that defendant breached three warranties it made in mortgage loan purchase agreements. LaSalle moves to dismiss the claims brought by Wells Fargo. For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

**I.    Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiff's complaint.

---

[1] LaSalle's successor by merger is Bank of America, but, for simplicity, the Court continues to refer to defendant as LaSalle.

In or about 2006, LaSalle Bank originated a series of commercial real estate mortgage loans for securitization. Two groups of loans, the "MF2 Loans" and the "MF3 Loans", were each worth more than $400,000,000.00. In 2006, LaSalle sold the MF2 Loans and the MF3 Loans to an affiliated entity, LaSalle Commercial Mortgage Securities, Inc. ("LaSalle CM") pursuant to Mortgage Loan Purchase Agreements (the "MLPAs").

LaSalle CM, in turn, transferred and sold the MF2 Loans and the MF3 Loans, respectively, to the MF2 Trust and the MF3 Trust. The trusts were created pursuant to Pooling and Servicing Agreements ("PSAs"). The MF2 Trust and the MF3 Trust elected to be treated as Real Estate Mortgage Investment Conduits (for purposes of the Internal Revenue Code), which is to say that they are able to pass through their mortgage-payment income to the beneficial owners of the trusts (the "certificate holders") without the trusts' being subject to federal income tax. Wells Fargo is the Trustee for the MF2 Trust and the MF3 Trust.

When LaSalle sold the MF2 Loans and the MF3 Loans to LaSalle CM under the MLPAs, LaSalle made certain warranties and representations. Under the PSAs, LaSalle CM transferred to plaintiff its rights under the MLPAs, including its rights to enforce any breach of the warranties and representations. Plaintiff's claims in this case are for breach of those warranties.

In Count I, plaintiff asserts that LaSalle breached warranties 10(a) and 10(b) of the MLPAs. Warranty 10(a) states, in relevant part:

> The Mortgage Loan documents for each Mortgage Loan contain enforceable provisions such as to render the rights and remedies of the holder thereof adequate for the practical realization against the Mortgaged Property of the principal benefits of the security intended to be provided thereby, including realization by judicial or non-judicial foreclosure . . .

(MLPA Exhibit B ¶ 10(a)). Warranty 10(b) states, in relevant part:

> [S]uch Mortgage Loan documents taken as a whole are enforceable to the extent necessary and customary for the practical realization of the principal rights and benefits afforded thereby.

(MLPA Exhibit B ¶ 10(b)). Plaintiff alleges that LaSalle breached these warranties "with respect to all Loans secured by properties located in the states of Oklahoma and Washington (the 'Oklahoma and Washington Loans'), because the mortgage loan documents for these loans do not include sufficient power-of-sale language to allow for a non-judicial foreclosure and practical realization against the mortgaged properties." (Plaintiff's Complaint ¶ 19).

In Count II, plaintiff asserts that LaSalle breached warranty 35. Warranty 35 states:

> An appraisal of the related Mortgaged Property was conducted in connection with the origination of such Mortgage Loan, and such appraisal satisfied the guidelines in Title XI of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, as in effect on the date such Mortgage Loan was originated.

(MLPA Exhibit B § 35). Plaintiff alleges that LaSalle breached warranty 35 "with respect to all Loans because, *inter alia*, LaSalle's appraisal ordering process violated the independence requirements of FIRREA." (Plaintiff's Complaint § 21).

In Count III, plaintiff asserts that LaSalle breached warranty 23. Warranty 23 states, in relevant part:

> The origination, servicing and collection practices used by the Seller . . with respect to such Mortgage Loan have been in all material respects legal and have met customary industry standards.

(MLPA Exhibit B § 23). Plaintiff alleges that LaSalle breached warranty 23 "with respect to all Loans because LaSalle's origination and servicing of the Loans did not meet customary industry standards in many ways . . ." (Plaintiff's Complaint ¶ 23). Plaintiff goes on to describe the ways in which the origination and servicing failed to meet industry standards. For example, plaintiff alleges that LaSalle, instead of reviewing and analyzing the operating statements and rent rolls

for properties being financed, relied on summaries prepared by brokers. In addition, LaSalle failed to analyze in depth the financial condition of the borrowers and guarantors of the Loans. LaSalle had a policy of awarding "top 10 brokers" leniency with respect to underwriting. In addition, LaSalle did not have its staff inspect the collateral properties or interview property managers regarding occupancy history and renovations. In fact, LaSalle prohibited its staff from communicating with borrowers or guarantors.

As relief, plaintiff seeks to have LaSalle repurchase all of the MF2 and MF3 Loans, except "those loans which have been paid in full on the date" plaintiff filed its original complaint.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief

above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Iqbal*, 129 S.Ct. at 1950. Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, a plaintiff must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic*, 127 S.Ct. at 1974.

## III. Discussion

LaSalle moves to dismiss all three of plaintiff's claims for failure to comply with the pleading standards set out in Rule 8 of the Federal Rules of Civil Procedure. LaSalle argues that plaintiff needs to include more detail, while plaintiff argues that it has included enough. The Court agrees with LaSalle as to Counts I and II and agrees with plaintiff as to Count III.

In *Iqbal*, the Supreme Court reiterated that bare, conclusory allegations that are essentially just a recitation of the elements of a cause of action are not entitled to be assumed true and, therefore, will not suffice to state a claim. *Iqbal*, 129 S.Ct. at 1951. In *Iqbal*, the plaintiff plead (as described by the Supreme Court) "that petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" *Iqbal*, 129 S.Ct. at 1951. The Court said this was merely a "formulaic recitation" of the elements and, therefore, was conclusory and not entitled to be assumed true. *Iqbal*, 129 S.Ct. at 1951.

The Court keeps the Supreme Court's example in mind as it considers plaintiff's complaint. In Count III, plaintiff asserts that LaSalle warranted that the origination of the

Mortgage Loans met with customary industry standards but that, in fact, LaSalle "did not meet customary industry standards." If that is all that plaintiff had alleged, the Court would have concluded that plaintiff had merely made a conclusory allegation. Plaintiff, however, backed up the conclusion with allegations of specific ways in which LaSalle failed to comply with industry standards. For example, LaSalle is alleged to have failed to inspect the collateral properties, failed to analyze the operating statements and rent rolls for the collateral properties and failed to analyze the financial condition of borrowers. Accordingly, in Count III, plaintiff states a claim for breach of warranty.

In Counts I and II, by contrast, plaintiff includes only conclusory allegations. In Count I, plaintiff alleges that LaSalle warranted that the Loans contained enforceable provisions for judicial or non-judicial disclosure but that, in fact, the documents for the Loans in two states (Oklahoma and Washington) do not include sufficient power-of-sale language for a non-judicial foreclosure. Plaintiff does not, however, include any specific allegations about what those documents actually say or what language would need to be included in order to be sufficient. In Count II, plaintiff alleges that LaSalle warranted that the appraisal process satisfied FIRREA but that, in fact, the appraisal process violated the independence requirements of FIRREA. Plaintiff does not allege the ways in which the appraisal process for Loans violated the independence requirements of FIRREA. Accordingly, in Counts II and III, plaintiff fails to state a claim.

**IV.    Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendant's motion to dismiss. Plaintiff is granted 30 days in which to file an amended complaint, and defendant is granted 30 days thereafter to answer.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: October 11, 2011